**EXHIBIT A**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| REBECCA ELDERS-CAMERON and ASHLEY CAMERON, | ) ) ) |
|    Plaintiffs, | ) ) |
| v. | ) Civil Action ) File No. 21A03642 ) |
| ERIC ABSHIRE, TLXPRESS, LLC and CANAL INSURANCE COMPANY, | ) **JURY TRIAL DEMANDED** ) ) |
|    Defendant. | ) ) |

## COMPLAINT

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and bring this Complaint against Defendants Eric Abshire, TLXpress, LLC and Canal Insurance Company, and in support hereof, shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Rebecca Elders-Cameron (hereinafter "Elders-Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

2.

Plaintiff Ashley Cameron (hereinafter "Cameron") is a citizen of this state and is subject to the jurisdiction of this Court.

3.

Defendant Eric Abshire (hereinafter "Abshire") is an Alabama citizen and is subject to the jurisdiction of this court pursuant to O.C.G.A. § 9-10-93.

1

Copy from re:SearchGA

EXHIBIT A

4.

Defendant TLXpress, LLC (hereinafter "TLXpress") is a domestic limited liability company with its registered office located at 128 Wild Timber Parkway, Pelham, Alabama 35124.  Defendant TLXpress is subject to the jurisdiction of this Court and may be served through its registered agent, Jeff Brugmans, at 128 Wild Timber Parkway, Pelham, Alabama 35124.

5.

Defendant Canal Insurance Company (hereinafter "Canal") is a foreign insurance company that is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 et seq., O.C.G.A. § 40-2-140 et seq., and other applicable law, and may be served with process through its registered agent, Corporation Service Company, at its registered address, 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092.

6.

Venue is proper in this Court pursuant to O.C.G.A. § 40-1-117, Ga. Const. art. VI, § 2, ¶ IV, and other applicable laws.

**<u>BACKGROUND</u>**

7.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 6 as if fully restated herein.

8.

On May 4, 2020, Plaintiff Elder-Cameron and her passenger, Plaintiff Cameron, were travelling south on Interstate 85 near its intersection with Pleasantdale Road.

Copy from re:SearchGA

9.

At said time and place, Defendant Abshire was driving a commercial motor vehicle southbound in a lane immediately to the left of lane in which Plaintiffs were travelling.

10.

The commercial motor vehicle operated by Defendant Abshire was owned and operated by Defendant TLXpress.

11.

At all relevant times, Defendant Abshire was acting in the course and scope of his employment with Defendant TLXpress and was operating the commercial motor vehicle under Defendant TLXpress's United States Department of Transportation authority.

12.

At said time and place, Defendant Abshire attempted a lane change and struck the driver's side of the vehicle in which Plaintiffs were travelling.

13.

Plaintiffs were seriously injured in the collision.

14.

Had Defendant Abshire maintained a lookout for other vehicles, Plaintiffs' vehicle would not have been struck.

15.

At all relevant times, Plaintiffs acted with reasonable care under the existing conditions and circumstances.

16.

Plaintiffs did not cause or contribute to the collision.

Copy from re:SearchGA

EXHIBIT A

### COUNT I – NEGLIGENCE OF DEFENDANT ERIC ABSHIRE

17.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 16 as if fully restated herein.

18.

At all times relevant to this Complaint, Defendant Abshire had a duty to exercise ordinary care in driving his commercial motor vehicle and comply with Georgia law and applicable Federal Motor Carrier Safety Regulations.

19.

Defendant Abshire failed to exercise ordinary care and was negligent in the following ways:

a)  Improper lane change in violation of O.C.G.A. § 40-6-48;

b)  Failure to maintain a proper lookout for other vehicles;

c)  Failure to exercise due care in operating a motor vehicle on the highway;

d)  Failure to comply with the Federal Motor Carrier Safety Regulations; and

e)  Other acts of negligence that may be proven at trial.

20.

Defendant Abshire failed to operate the commercial motor vehicle with due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiffs.

21.

Defendant Abshire's negligence proximately caused the subject motor vehicle collision.

Copy from re:SearchGA

22.

As a direct and proximate result of Defendant Abshire's negligence, Plaintiffs sustained serious injuries and incurred damages.

23.

Defendant Abshire is liable to Plaintiffs for all damages allowable under Georgia law.

## COUNT II – DEFENDANT TLXPRESS LLC'S VICARIOUS LIABILITY

24.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 23 as if fully restated herein.

25.

At all times relevant to this Complaint, Defendant Abshire was acting in the course and scope of his employment with Defendant TLXpress.

26.

At the time of the subject collision, Defendant Abshire was under dispatch for Defendant TLXpress.

27.

At the time of the subject collision, Defendant Abshire was operating the commercial motor vehicle on behalf of Defendant TLXpress and in furtherance of the company's business.

28.

Defendant TLXpress is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Abshire as described in this Complaint under the doctrine of respondeat superior, vicarious liability and agency principles and is liable for all damages caused by Defendant Abshire's acts and omissions.

Copy from re:SearchGA

## COUNT III – NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND ENTRUSTMENT

29.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 28 as fully restated herein.

30.

Defendant TLXpress had a duty to exercise ordinary care in hiring, retaining, supervising and training its employees, including Defendant Abshire; not to entrust Defendant Abshire with a vehicle with knowledge of his incompetency; and to implement industry standards and federal law regarding the safe operation and management of its vehicles.

31.

Defendant Abshire was negligent in failing to adhere to routine and common industry standards regarding operation of the motor vehicle at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

32.

Defendant TLXpress was negligent in hiring Defendant Abshire, retaining him, and entrusting him to drive its motor vehicle.

33.

Defendant TLXpress failed to properly train Defendant Abshire.

34.

Defendant TLXpress was negligent in failing to properly supervise Defendant Abshire.

35.

Defendant TLXpress had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous conditions created by its

Copy from re:SearchGA

**EXHIBIT A**

actions, and Defendant TLXpress is liable for the negligent supervision, hiring, training and retention of their management, agents and employees and the entrustment of said vehicle to said management, agents and employees, including but not limited to, Defendant Abshire.

36.

Defendant TLXpress' direct acts of negligence proximately caused the collision and Plaintiffs' injuries.

### COUNT IV – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR

37.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 36 as if fully restated herein.

38.

Defendant TLXpress was negligent in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire and failed to ensure it was in proper working order.

39.

Defendant TLXpress' negligence in failing to properly inspect, maintain and repair the motor vehicle driven by Defendant Abshire proximately caused Plaintiffs' injuries.

### COUNT V – DIRECT ACTION

40.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 39 as if fully restated herein.

Copy from re:SearchGA

EXHIBIT A

41.

Defendant Canal is subject to a direct action pursuant to O.C.G.A. § 40-1-112 *et seq.*, O.C.G.A. § 40-2-140 *et seq.*, and other applicable law as the insurer for motor carrier Defendant TLXpress.

42.

Defendant Canal was the insurer of Defendant TLXpress at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law.

43.

Defendant Canal is responsible for any judgment rendered against Defendant TLXpress and Defendant Abshire.

## COUNT VI – DAMAGES

44.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 43 as if fully restated herein.

45.

Plaintiffs sustained injures and damages which were directly and proximately caused by the negligence of the Defendants.

46.

But for the negligence of the Defendants, Plaintiffs would not have suffered serious physical injury and pain, mental pain and suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

Copy from re:SearchGA

47.

Defendants' negligence proximately caused Plaintiffs' injuries and symptoms that gave rise to the need for Plaintiffs' medical treatments.

48.

As a result of Defendants' negligence, Plaintiff Elders-Cameron sustained serious injuries and incurred past medical expenses in excess of $62,515.21.  Plaintiff Elders-Cameron continues to treat for her injuries related to the accident and her future medical expenses are unknown at this time.

49.

As a result of Defendants' negligence, Plaintiff Elders-Cameron has incurred reasonable, necessary and continuing medical expenses and lost wages from the injuries and will continue to incur expenses in the future in the amount to be proven at trial.

50.

As a result of Defendants' negligence, Plaintiff Cameron sustained serious injuries and incurred past medical expenses in excess of $60,647.90.  Plaintiff Cameron continues to treat for her injuries related to the accident and her future medical expenses are unknown at this time.

51.

As a result of Defendants' negligence, Plaintiff Cameron has incurred reasonable, necessary and continuing medical expenses and lost wages from the injuries and will continue to incur expenses in the future in the amount to be proven at trial.

52.

Plaintiffs are entitled to recover punitive damages, from each of the Defendants, pursuant to O.C.G.A. § 51-12-5.1 because the actions of Defendants and their agents and employees showed

Copy from re:SearchGA

an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from each of the defendants in accordance with the enlightened conscience of an impartial jury.

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and judgment against Defendants as follows:

a. That Plaintiffs recover the full value of their past and future medical expenses in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover for their permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

e. That Plaintiffs recover such other and further relief as is just and proper

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

10

Copy from re:SearchGA

**EXHIBIT A**

_/s/ Kathleen M. Edwards-Opperman_
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

11

Copy from re:SearchGA

<span style="color:red">**EXHIBIT A**</span>

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REBECCA ELDERS-CAMERON and ASHLEY CAMERON, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action |
| v. | ) ) | File No. |
| ERIC ABSHIRE, TLXPRESS, LLC and CANAL INSURANCE COMPANY, | ) ) ) ) | 21A03642 |
| Defendant. | ) ) ) | |

---

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT ERIC ABSHIRE

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and pursuant to O.C.G.A. § 9-11-33, propounds these Interrogatories to Defendant Eric Abshire (hereinafter "Defendant").  Defendant is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for Plaintiff within forty-five (45) days after service of these Interrogatories.

NOTE A:     The Defendant "shall furnish such information as is available to the party." See O.C.G.A. § 9-11-33(a).

NOTE B:     These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

### DEFINITIONS

1. The term "Plaintiffs" refers to the Plaintiffs Rebecca Elders-Cameron and Ashley Cameron.

2. The terms "this Defendant", "Defendant", "Your" or "You" refer to Eric Abshire.

Copy from re:SearchGA

3.  The terms "<u>Accident</u>", or "<u>Collision</u>" refer to the subject accident described in the Plaintiff's Complaint which occurred on May 4, 2020.

4.  The terms "<u>Defendant TLXpress</u>" or "<u>Your Employer</u>" refer to TLXpress, LLC, including any division of TLXpress, LLC, and any other name under which TLXpress, LLC does business.

5.  The term "<u>Subject Vehicle</u>" refers to the commercial motor vehicle driven by you and involved in the subject collision on May 4, 2020.

6.  The term "<u>FMCSRs</u>" refers to the Federal Motor Carrier Safety Regulations.

**<u>INTERROGATORIES</u>**

1.

Please provide the following information:

(a)     your full legal name;

(b)     your current address;

(c)     your current place of employment;

(d)     your marital status;

(e)     your social security number, date of birth, place of birth, and driver's license number; and

(f)     Names and addresses of any relatives (by blood or marriage) you have in DeKalb County, Georgia.

2.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney, regarding the collision.

3.

Were you charged or cited with any traffic violations or other criminal charges as a result of the collision which is the subject of this action? If so, please state the following:

(a)    each such violation with which you were charged;

(b)    the name and address of the agency issuing said charges; and

(c)    any disposition of the charges, including the date the matter was heard, the plea entered by you on each such charge, and any sentence imposed on you by the Court.

4.

What was the extent of the damage to the commercial vehicle you were driving at the time of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

5.

If you allege the vehicle being driven by you at the time of the collision which gives rise to this litigation had a defect which contributed in any way to said collision, please describe with specificity any and all such defects. Also, state the date any such defect was first identified, the name(s) of any individual(s) who was aware of the said defect, and describe any and all attempts to remedy said defect prior to May 4, 2020, including but not limited to the individuals actually performing the work on the vehicle, the company for which said individual(s) worked while performing said work, and 'the date(s) and location(s) said work was performed.

6.

Please state the purpose of the trip being made by you at the time of the collision described in this Complaint, including but not limited to the original starting point, the intended destination when the collision occurred, the route taken by you from your last stop to the collision, and any passengers

present in the vehicle at any time with you during the route.  Please include any and all applicable addresses in your response.

7.

Provide the telephone number of each mobile telephone that you had in service on the date of the collision and the name of the service provider for each phone.

8.

State specifically and in reasonable detail in your own words how the incident described in Plaintiffs' Complaint occurred, and what you did to avoid the collision.

9.

How long had you been driving in the lane beside Plaintiffs on Interstate 85 before the impact occurred?

10.

State the name and give a description of each person to whom you gave a written or verbal interview or statement regarding any aspect of the collision, including your activities 48 hours prior to the collision and 48 hours after the collision.

11.

State the full name, last known address, telephone number and place of employment of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the event referred to in the Complaint, including, but not limited to, eyewitnesses to such event who should be so designated and any other persons having any knowledge thereof.

Copy from re:SearchGA

EXHIBIT A

12.

Do you have or know of any photographs, motion pictures, videotapes, drawings, diagrams, recordings of any kind or other tangible or documentary evidence concerning any of the events and happenings alleged in this action?  If so, please identify:

(a)     each tangible item's specific subject matter;

(b)     the date it was made or taken;

(c)     the name and last known address of the person making or taking it;

(d)     what each item purports to show, illustrate or represent; and

(e)     the name and address of each person having custody of such item or items.

13.

State whether you had taken or consumed any prescription medication or over the counter medication for the 7 days prior up through the time of the collision. If so, as to each prescription medication or over-the-counter medication, please describe what was taken, how many doses, and how often it was taken.

14.

Were any tests (blood, urine, or other) performed on you at any time during the period commencing 45 days prior to the subject collision through and including 45 days after the subject collision? If so, please state the name, address, and phone number of the persons, firms, or entities who administered said test; all such persons, firms, or entities who are in possession, custody, or control of a copy of the results of said tests; and the results of the tests.

15.

Have you ever been arrested?  If so, please provide the following information for each and every time you have ever been arrested:

(a)     the month and year you were arrested;

(b)     the reason why you were arrested;

(c)     the state and county in which you were arrested;

(d)     the agency who arrested you; and

(e)     the disposition of each such arrest.

16.

Please state the names of the dispatcher, manager, supervisor, and any other employee of Defendant TLXpress who you spoke with following the collision wherein the circumstances of the collision were discussed.

17.

Please state whether you had a valid driver's license at the time of the subject collision?  If the answer is yes, please provide the state(s) in which each license was held and identify whether you have ever had a driver's license issued by a different state.

18.

Please state whether you have ever had a driver's license suspended, revoked and/or restricted for any reason. If your answer is yes, please state the following:

a)  The state where the driver's license was suspended, revoked, or restricted.

b)  State of suspension, revocation or restriction.

c)  The purpose of suspension, revocation or restriction.

19.

Please describe all traffic violations you have received and/or accidents you have been involved in prior to **and** after May 4, 2020, including the following specific information:

(a)     Date of citation and/or accident;

(b)     Charge;

(c)     Disposition and name and location of Court; and

(d)     Date of disposition.

20.

Have you ever been involved in an automobile collision or collision where you were the driver of one of the vehicles?  If so, please provide the following information for each and every time you were involved in an automobile collision.  (This request includes but is not limited to your personal automobile and commercial vehicles and any accident involving only property damage.)

(a)     the month and year of each collision;

(b)     whether you were driving your personal vehicle or a commercial vehicle;

(c)     the state and county where the collision occurred;

(d)     whether you received a citation or ticket;

(e)     the disposition or outcome of each such citation or ticket.

21.

With respect to your employment at Defendant TLXpress please provide the following information:

(a)     the date you were hired

(b)     the name of the person who hired you;

(c)     the names of every person who was involved in the hiring process and their respective role in the hiring process;

(d)     what, if any, kind of training you received after you were employed by TLXpress; and,

Copy from re:SearchGA

(d)      the dates and reasons for any warnings, reprimands, suspensions, or terminations you received during your employment with TLXpress.

22.

If you contend you were not an employee of Defendant TLXpress at the time of the subject collision, please describe the nature of your relationship with the company and identify any documents giving a description of that relationship.

23.

Please provide the name and address for each and every company that you have been employed for the last 10 years. For each such place, provide the dates of employment, the name of your immediate boss or superior, and the circumstances of your separation from that company (terminated, resigned, etc).

24.

State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

(a)      the subject matter on which the expert is expected to testify;

(b)      the substance of the facts and opinions to which the expert is expected to testify;

(c)      a summary of the grounds for each opinion to which the expert is expected to testify; and

(d)      whether any reports or other written materials or letters have been generated by such expert for this case.

Copy from re:SearchGA

25.

With respect to each person identified in your answer to the immediately preceding interrogatory, please identify each document upon which such person relies, if any, to support the opinions to which the expert is expected to testify.

26.

Is there a document or tangible item which was responsive to one of our requests for production of documents that you did not produce to Plaintiffs for any reason whatsoever? (said reasons include but are not limited to not producing a document or tangible item based on a privilege or the attorney work product doctrine). If your response is anything other than an unequivocal "no", please identify each and every document or item that you did not produce and state the reason why you did not produce it.

27.

Did Plaintiffs or any third-parties cause or contribute to the incident in question?  If so, state with particularity each and every fact or piece of evidence supporting your position that Plaintiff and/or a third-party caused or contributed to the incident.

28.

State in detail the factual basis for each defense you have raised in your answer to the Complaint.

29.

State whether the vehicle involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Omnitracs, Mobileye, Vorad, DriveCam, ECM or device known by any other name

which records information concerning the operation of the tractor. This includes, but is not limited to, any device you personally may have installed on the vehicle, such as a personal video camera.

30.

Have you ever been disqualified by the Federal Motor Carrier Safety Administration or Georgia Department of Public Safety or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification.

31.

Describe in detail the extent of any training provided to you by Defendant TLXpress since the date of your application for employment. This includes, but is not limited to, any training you received regarding cell phone usage while driving, avoiding distractions while driving, and maintaining a proper following distance behind other vehicles.

32.

Please describe your mode of compensation and from which entity you received your compensation during your employment or agency relationship with Defendant TLXpress.

33.

Describe in detail what Defendant TLXpress trained you to do after being involved in a motor vehicle collision, including identification of any post-accident forms provided by the company related to post-accident procedures.

34.

Describe with specificity what caused you to strike the side of Plaintiffs' vehicle on the day of the incident.

Copy from re:SearchGA

**EXHIBIT A**

35.

When did you anticipate litigation related to the subject accident?


Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000


*/s/ Kathleen M. Edwards-Opperman*
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000


STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REBECCA ELDERS-CAMERON and<br>ASHLEY CAMERON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| v. | ) | File No. |
| | ) | 21A03642 |
| ERIC ABSHIRE, TLXPRESS, LLC and<br>CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TLXPRESS, LLC

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and files this Request for Production of Documents pursuant to O.C.G.A § 9-11-34, and Notice to Produce at Trial pursuant to O.C.G.A § 24-13-27 to Defendant TLXpress, LLC to comply with said Code Section as follows:

Each Request is addressed to the personal knowledge of each Defendant, as well as to the knowledge and information of each Defendant's attorneys, investigators, agents, employees, and other representatives.  If no such information exists to comply with a Request, please state that fact.  If you cannot answer any of these Requests in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

Plaintiffs request that you respond to and supplement these and all future document requests by producing the requested documents segregated according to request number and identifying by Bates numbers the documents produced in a formal written pleading and stating which numbered request they respond to.

Copy from re:SearchGA

**EXHIBIT A**

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing, printing, record, graphic, photographic, or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "**Subject incident**" or "**incident**" means the incident when Plaintiffs and Defendant Abshire were involved in a motor vehicle collision on May 4, 2020.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each

Copy from re:SearchGA

such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5. The term **"Plaintiffs"** refers to Plaintiffs Rebecca Elders-Cameron and Ashley Cameron.

6. **"You"** or **"Defendant"** refers to Defendant TLXpress, LLC.

7. The terms **"Driver"**, **"Defendant Abshire"**, **"Your driver"** and **"Defendant driver"** refer to Eric Abshire.

8. The term **"Subject Vehicle"** refers to the commercial motor vehicle driven by Defendant Abshires and involved in the subject collision on May 4, 2020.

9. The term **"FMCSRs"** refers to the Federal Motor Carrier Safety Regulations.

Produce and permit Plaintiff's attorney to inspect and copy each of the following documents at the office of Plaintiffs' attorney at 10:00 A.M. on the forty fifth (45th) day after service of process and produce the originals of same at the time of trial:

## **DOCUMENTS TO BE PRODUCED**

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the

Copy from re:SearchGA

scene of the incident where the incident occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of Plaintiffs' Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendants and Plaintiffs, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of applicable insurance policies that may provide coverage or benefits to Defendants in connection with this occurrence. (This request seeks each and every policy, including excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, citation, disposition, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third-party investigations, preventability determinations, and the citation and disposition.

6.

Copies of the entire file, bills, resumes and CVs, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call

as a witness.

### 7.

Please provide all maintenance records, repair records, and inspection records for the vehicle involved in this incident, including all documents related to any repairs made as a result of this collision. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, oil changes, appraisals, property damage reports, or any tangible evidence pertaining to the upkeep of the vehicle involved in the occurrence which is the subject matter of this civil action).

### 8.

Each document created, received, or submitted by you, or received or submitted from law enforcement, the Federal Motor Carrier Safety Administration, Department of Transportation, Georgia Department of Public Safety, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident, Defendant Abshire, the commercial motor vehicle at issue, or required to be maintain by DOT/CFR regulations, FMCSA regulations, and/or Georgia's motor vehicle laws as it relates to Defendant Abshire or the vehicle at issue.

### 9.

Any and all documents and records of any kind that in any way pertain to Defendant Abshire, including but not limited to, his log books, driver qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, employee time records, incident reports for this incident and any other collisions or accidents involving Defendant Abshire (including incidents only involving property damage), his driving history, his medical history, his medical qualifications, drug tests, record of duty status, orders for the trip at issue in this Complaint, hours of service records for the day of the collision and for the preceding 30 days, his termination (if

applicable), his workers' compensation claim arising out of this accident (if applicable), and documents regarding his operation of Defendant's equipment or his employment with Defendant TLXpress.

10.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiffs' claims in this action or Defendant's defenses.

11.

Copies of all company policies and procedures pertaining to the operation of your business, drivers, cell phone usage, driver safety, accident response and investigation, inspection and maintenance of your vehicles, and any policies and procedures that in any way apply to, cover, or govern Defendant Abshire's hiring, training, retention, supervision, or employment generally.

12.

Copies of all claims or complaints for all property damage or personal injury claims or litigation involving injuries resulting from a collision or accident involving Defendant Abshire.

13.

All documents that you receive in response to your Requests for Production of Documents to nonparties and open records requests.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiffs' or Defendant's contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute

Copy from re:SearchGA

evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

15.

Please produce the certificate of title, and/or other proof of ownership, for the commercial motor vehicle involved in the accident that is the subject matter of this civil action.

16.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiffs' injuries, damages and/or Plaintiffs' damages.

17.

Please produce a copy of any cell phone records and bills which reflect any calls or text messages made or received by Defendant Abshire for the day of the incident at issue.

18.

Please gather, investigate, identify and produce all documents and emails relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this Complaint, including but not limited to all emails relating to, referencing or in any way that are relevant to the wreck at issue, Defendant Abshire's employment, Defendant Abshire's driving, training, job performance and/or reprimands. This specifically includes, but is not limited to, interoffice memoranda, emails, or other such documents. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed. Further, please state whether inquiry was

Copy from re:SearchGA

made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

19.

Please produce the accident register entry concerning the subject accident and any other accidents 1) involving Defendant Abshire or 2) involving Defendant TLXpress's drivers who failed to keep a safe distance from other vehicles (2) years preceding the subject accident.

20.

All "driver log audit" data, reports, or other document, whether in physical or electronic form, concerning Defendant Abshire's driver's logs or driving history for the last three years, including but not limited to, results of any driver log audits conducted.

21.

Any document, tangible item, or thing that in anyway relates or refers to Plaintiffs' physical, mental, and/or emotional condition at any point before, during, or following the incident at issue in Plaintiffs' Complaint.

22.

All documents, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Abshire's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders. This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other document, record, or thing related to said conditions.

23.

Please produce copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Abshire.

24.

Please produce copies of the bill of lading for any loads carried by Defendant Abshire for the eight-day period preceding the incident referred to in the Complaint.

25.

Please produce copies of all driver's logs or time cards for Defendant Abshire for the six-month period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these requests.

26.

Please produce copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the commercial vehicle driven by Defendant Abshire on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

To the extent the following items have not been previously produced as responsive to the preceding Request, please produce a copy of Defendant Abshire's driver's qualification file, including but not limited to:

(a)      Application for employment;

(b)      Copy of his driver's license;

(c)      Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Employer's inquiry into his driving record;

(g)     Employer's inquiry into his employment record;

(h)     Documents regarding employer's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents contained in his driver's qualification file.

28.

Please produce copies of any post-accident reports or statements created by Defendant Abshire or Defendant TLXpress's employees regarding the collision. This includes, but is not specifically limited to, any documents reflecting a preventability determination or root cause analysis performed by Defendant TLXpress.

29.

Please produce copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant TLXpress or kept by Defendant TLXpress that encompass the dates of Defendant Abshire's employment.  In lieu of this, you may attach copies thereof to your answers to these

**EXHIBIT A**

interrogatories.

30.

Please produce copies of any printouts, records or documents produced by any on-board recording device, on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Omnitracs, GPS, Mobileeye, DriveCam, Vorad, ECM or device known by any other name which records information concerning Defendant Abshire's operation of any Defendant TLXpress's vehicle for the six-month period prior to the incident and the day of the collision.

31.

Please produce any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by, relied upon by, or generated by an expert witness you consulted with or intend to call as a witness at trial.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Kathleen M. Edwards-Opperman*
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

Copy from re:SearchGA

STATE COURT OF
DEKALB COUNTY, GA.

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

**EXHIBIT A**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

REBECCA ELDERS-CAMERON and )
ASHLEY CAMERON, )
     )
    Plaintiffs, )
     )   Civil Action
v. )   File No.
     )         21A03642
ERIC ABSHIRE, TLXPRESS, LLC and )
CANAL INSURANCE COMPANY, )
     )
    Defendant. )
     )

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ERIC ABSHIRE

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and files this Request for Production of Documents pursuant to O.C.G.A § 9-11-34, and Notice to Produce at Trial pursuant to O.C.G.A § 24-13-27 to Defendant Eric Abshire to comply with said Code Section as follows:

Produce and permit Plaintiffs' attorney to inspect and copy each of the following documents at the office of Plaintiffs' attorney at 10:00 A.M. on the forty fifth (45th) day after service of process and produce the originals of same at the time of trial.

### INSTRUCTIONS

This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by the Georgia Civil Practice Act so as to require Defendant Abshire to serve or produce upon all parties supplemental answers or documents if Defendant Abshire or his attorneys obtain further information between the time the answers are served and the time of trial. Plaintiff also requests that Defendant Abshire produce the originals of each document at trial and any deposition of Defendant Abshire.

Copy from re:SearchGA

If a requested document is no longer in your possession, custody or control, please identify the document with specificity. If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please provide a detailed privilege log and identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

<u>**DEFINITIONS**</u>

As used herein, the terms listed below are defined as follows:

1.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, municipal corporation, organization, or group of persons.

2.      "**Document**" means all writings, drawings, graphs, charts, photographs, phone records, **e-mail**, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control (including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, reports, publications, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, diagrams, plans, specifications, work orders, inspections, quality control records, etc.); every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

3.      "**Identify**" means:

**EXHIBIT A**

(a) with respect to any "**person**" who is an individual, to provide the name, present or last-known residence address, present or last-known residence, cell and business telephone number, present or last known email addresses, present or last-known employer or business affiliation, and present or last-known business address;

(b) with respect to an institution, business, group or other organization, to provide the current or last-known complete name, address, and telephone number; and

(c) with respect to any "**document**," to provide (irrespective of whether the **document** is subject to any claim privilege) the title or other means of identification of each such **document**, the date of each **document**, **identify** the author, the names of all recipients of each **document** and **identify** all **persons** who have custody, control, or possession of each such **document** or copies of it.

4.      The term **"Plaintiffs"** refer to Plaintiffs Rebecca Elders-Cameron and Ashley Cameron.

5.      The terms **"this Defendant", "Defendant", "Your" or "You"** refer to Eric Abshire.

6.      The terms **"Accident" or "Collision"** refer to the subject accident described in the Plaintiffs' Complaint which occurred on May 4, 2020.

7.      The terms **"Defendant TLXpress" or "Your Employer"** refer TLXpress, LLC, including any division of TLXpress, LLC and any other name under which TLXpress, LLC does or did business.

8.      The term **"Subject Vehicle"** refers to the commercial motor vehicle driven by you and involved in the subject collision on May 4, 2020.

9.      The term **"FMCSRs"** refers to the Federal Motor Carrier Safety Regulations.

Copy from re:SearchGA

## <u>REQUESTS</u>

1.

A copy of any and all of your driver's license(s), front and back.

2.

The Driver Vehicle Inspection Report for the vehicle operated on the day of the collision.

3.

The Driver's Pre-trip Check List completed by you prior to your departure for the trip forming the basis of this lawsuit.

4.

Any bills of lading, shipping invoices, manifests, waybills, routing slips or delivery schedules relating to the materials or goods hauled by you on the day of the collision.

5.

A copy of all weigh station receipts and any other documents indicating or referring to the weight of the tractor-trailer load at the time of the collision.

6.

A copy of any and all documents relating to the load being carried by you at the time of the collision described in the Complaint.

7.

All dispatch logs, records, and notes relating to dispatch instructions you received from Defendant TLXpress for the 30 days prior to the collision.

8.

All toll, fuel or other expense receipts obtained by you while operating any vehicle owned, leased or controlled by Defendant TLXpress on the day of the collision.

Copy from re:SearchGA

9.

All calendars, time records, clock in/clock out records, dispatch instructions and all other documents indicating your work duties, driving times and schedules, and your whereabouts covering the 30 days prior to the collision.

10.

Your time sheets, Daily or Multi-Daily Log or Log Book that you completed covering the time period of 30 days prior to the incident, which relate to your operating any vehicles owned, leased or controlled by Defendant TLXpress.

11.

Copies of all trip envelopes, trip reports or expense sheets relating to any trips made by you for the 30 days prior to the collision.

12.

Any photographs, movies and videotapes taken by you, or in your possession and/or custody which reflect the scene of the collision, the vehicles involved in the collision or of any of the parties or witnesses to this case.

13.

A copy of any post-accident written or recorded statement you provided to your employer after the incident.

14.

A copy of the application and/or claims for benefits and/or claims for payments (Worker's Compensation, Unemployment, Disability or otherwise) submitted by you to any agency or insurance company for personal injuries and/or property damage allegedly sustained by you in the collision which is the subject of the Complaint.

Copy from re:SearchGA

15.

Any drawing or diagrams of the scene of the collision which are in your possession and/or custody which is relevant in any manner to this action.

16.

Copies of any and all repair estimates for the vehicle which you were operating at the time of the collision described in the Complaint.

17.

A copy of any and all citations for traffic violations you received as a result of the collision giving rise to this litigation, as well as any and all related documentation, including but not limited to notices of court appearances, hearing dates, trial dates, plea agreements, convictions, sentence(s) issued by the Court, fines, receipt(s) for fines paid, and dismissal of charges.

18.

All maintenance invoices or records in your possession, custody or control regarding the vehicle operated by you on the day of the collision, which was involved in the collision alleged in the Complaint from the time period including six months prior to the day of the collision, through and including any repairs that were made as a result of the collision alleged in the Complaint. Maintenance invoices, as defined herein, include any mechanical services or products added to the commercial vehicle that you owned or operated on the day of the collision, and any mechanical operations performed on the commercial vehicle for the time period stated herein.

19.

Any and all policies and procedures you received from Defendant TLXpress concerning general safety, truck safety, maintenance, cell phone use while driving, fleet safety programs dispatch procedures, driver standards, post-collision procedures, and the importance of obeying traffic control

devices. Please note that this request specifically seeks copies of said items **in your possession** and, therefore, referring to TLXpress's production of said documents is not sufficient.

20.

Copies of any and all driver's hand books, employee hand books, company manuals, policies and procedures, rules, regulations, guidelines, intra-office memos, safety manuals, safety bulletins, training manuals, and other tangible materials by whatever name, received by you or made available to you which were in effect on the date of the subject collision.

21.

A copy of all correspondence and any other documents you sent to or received from Defendant TLXpress at any time, including on and after the date of the collision.

22.

All social media or internet writings, statements, communications, or posts sent or made by you or made regarding Plaintiff or the subject accident since the day of the collision, including, but not limited to:

(a)     e-mails sent to or from you concerning the subject collision, Plaintiff, witnesses, the vehicles involved, or the scene;

(b)     copy of each Facebook page and each photograph that includes your image or was posted of you.  (Log in to Facebook; click on "Account Settings," click on "Download a copy of your Facebook data.");

(c)     a copy of all statements, communications, or "tweets" made by Defendant on Twitter concerning this accident, his employment with Defendant Oldcastle, Plaintiff, this lawsuit, or any related witness or item, and any direct messages, pictures or videos communicated by Defendant;

(d)    a copy of any pictures or other information communicated by Defendant through Instagram, Flickr or any similar website or program; and

(e)    a copy of any videos posted by Defendant related to the incident in any way.

23.

Please produce copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.

Respectfully submitted,

/s/ Campbell Williamson
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

/s/ Kathleen M. Edwards-Opperman
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

**EXHIBIT A**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

REBECCA ELDERS-CAMERON and     )
ASHLEY CAMERON,     )
    )
      Plaintiffs,     )
    )   Civil Action
v.     )   File No.
    )     21A03642
ERIC ABSHIRE, TLXPRESS, LLC and     )
CANAL INSURANCE COMPANY,     )
    )
      Defendant.     )
    )

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT TLXPRESS, LLC

COME NOW Rebecca Elders-Cameron and Ashley Cameron, Plaintiffs in the above-styled action, and pursuant to O.C.G.A. § 9-11-33, propounds these Interrogatories to the above-named Defendant TLXpress, LLC (hereinafter "Defendant"). Defendant is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for Plaintiff within forty-five (45) days after service of these Interrogatories.

NOTE A:    The Defendant "shall furnish such information as is available to the party." *See* O.C.G.A. § 9-11-33(a).

NOTE B:    These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

### DEFINITIONS

1. The term "Plaintiffs" refers to the Plaintiffs Rebecca Elders-Cameron and Ashley Cameron.

2. The terms "this Defendant", "Defendant", "Your" or "You" refer to LTXpress, LLC,

Copy from re:SearchGA

including any division of LTXpress, LLC and any other name under which LTXpress, LLC does or did business.

3. The terms "<u>Driver</u>", "<u>Defendant Abshire</u>", "<u>Your driver</u>" and "<u>Defendant driver</u>" refer to Eric Abshire.

4. The terms "<u>Canal</u>", or "<u>your insurer</u>" refer to Canal Insurance Company and included any division of Canal Insurance Company and any other name under which Canal Insurance Company does or did business.

5. The terms "<u>Accident</u>", or "<u>Collision</u>" refer to the subject accident described in the Plaintiff's Complaint which occurred on May 4, 2020.

6. The term "<u>Subject Vehicle</u>" refers to the commercial motor vehicle driven by Eric Abshire and involved in the subject collision on May 4, 2020.

7. The term "<u>FMCSRs</u>" refers to the Federal Motor Carrier Safety Regulations.

## **<u>INTERROGATORIES</u>**

1.

State the name and address of any individual or entity with any ownership or lease interest in the commercial vehicle (including any container or chassis if applicable) driven by Defendant Abshire on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

State the point of origin, destination and reason for the trip being made by Defendant Abshire at the time of the incident referred to in the Complaint.

3.

Regarding the commercial vehicle driven by Defendant Abshire at the time of the collision,

identify:

(a)     Where the commercial vehicle originated;

(b)     The contents thereof;

(c)     The weight of said commercial vehicle;

(d)     The final destination of the commercial vehicle; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the use of the commercial vehicle.

4.

Was Defendant's commercial vehicle (including any container or chassis if applicable) covered by liability insurance?  If so, state the names of all insurers providing liability insurance to the driver, the said vehicle and the trailer (if applicable) and give the limits of coverage of each such policy.

5.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

6.

Do you contend that Plaintiffs caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

7.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Abshire?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

Copy from re:SearchGA

(c)     Where the test was performed; and

(d)     The results of the test.

If post-accident testing was not performed on Defendant Abshire, please state the reasons such testing did not occur.

8.

State in detail the factual basis for each defense you have raised in your answer to the Complaint.

9.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Abshire.

10.

State whether the commercial vehicle involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Omnitracs, MobileEye, DriveCam, Vorad, ECM or device known by any other name which records information concerning the operation of the vehicle.

11.

Describe the commercial vehicle operated by Defendant Abshire at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the vehicle.

12.

Has Defendant TLXpress and/or Defendant Abshire ever been cited by the Department of Transportation, Public Service Commission, Georgia Department of Public Safety, or any other state or federal agency for violation of any rules or regulations governing the operation and safety of commercial vehicles, including but not limited to the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)      The date of the violation;

(b)      A description of the violation;

(c)      The location where the violation occurred;

(d)      The agency issuing the citation; and

(e)      The ultimate disposition of the charges.

13.

Has Defendant Abshire ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)      The dates of disqualification; and

(b)      The reason for the disqualification.

14.

Identify the name and address of any repair facility which performed repairs or maintenance on the commercial vehicle (including any container or chassis, if applicable) driven by Defendant Abshire on the date of the incident referred to in the complaint for the one-year period preceding the incident and six-month period after the incident.

15.

Describe in detail the extent of any training you provided to Defendant Abshire since the

Copy from re:SearchGA

**EXHIBIT A**

date of his application for employment.

16.

Please explain the nature of the employment relationship between Defendant TLXpress and Defendant Abshire (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

17.

With respect to Defendant Abshire, please state the driver's mode of compensation and from which entity he received his compensation.

18.

Does Defendant TLXpress, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs or contracts with to perform work?  If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Abshire and the dates upon which such information was obtained concerning the driver operating the commercial vehicle involved in the subject collision.

19.

Please identify all automobile accidents and moving violations for Defendant Abshire prior to and after the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

Copy from re:SearchGA

20.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Abshire on the date of the incident.

21.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)    Was an eyewitness to the incident complained of in this action;

(b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiffs.

22.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

23.

To your knowledge, information or belief are there any videotapes, photographs, plates or drawings of the scene of the incident referred to in the Complaint, the vehicles, or Plaintiffs?  If so, please describe such videotapes, photographs, plates or drawings and give the name and address of the person having custody and control thereof.

24.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such

expert or technician and give a complete summary of the grounds for each opinion held.

25.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

26.

Describe in detail how you contend this collision occurred, as well as identification of any evidence or facts supporting your position in this lawsuit.

27.

Describe in detail your post-accident procedures and protocols, including identification of any post-accident forms provided by the company to its drivers related to post-accident procedures.

28.

When did you first anticipate litigation related to the subject accident?

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

**EXHIBIT A**

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

_/s/ Kathleen M. Edwards-Opperman_
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

**EXHIBIT A**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

No. _____

Date Summons Issued and Filed
_____

8/5/2021
Siana Smith
_____
Deputy Clerk

Deposit Paid $ _____

[ ]   **ANSWER**

[x]   **JURY**

**SUMMONS**

Rebecca Elders-Cameron and Ashley Cameron
_____

_____
(Plaintiff's name and address)

**vs.**

Eric Abshire, TLXpress, LLC and Canal Insurance Company
_____

_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

___Campbell Williamson - Schneider Hammers LLC_____
(Name)
___5555 Glenridge Connector, Suite 975, Atlanta, GA 30342___
(Address)
___770-900-9000_____841365_____
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____
Defendant's Attorney

_____

_____
Address
_____
Phone No.              Georgia Bar No.

_____
Third Party Attorney

_____

_____
Address
_____
Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☒ Personal Injury          Principal      $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice        Interest       $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                    Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

**STATE COURT OF**
**DEKALB COUNTY, GA.**
8/4/2021 6:17 PM
E-FILED
BY: Siana Smith

**EXHIBIT A**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | 21A03642 |
|---|---|
| **Date Filed** 8/5/2021 _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                      **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|---|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|---|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|---|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|---|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
   **Case Number**                        **Case Number**

☐   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                    **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.20

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**8/4/2021 6:17 PM**
**E-FILED**
**BY: Siana Smith**

Copy from re:SearchGA

**EXHIBIT A**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **REBECCA ELDERS-CAMERON and ASHLEY CAMERON** | Case No.:   **21A03642** |
| Plaintiff/Petitioner | |
| vs. | |
| **ERIC ABSHIRE, TLXPRESS, LLC and  CANAL INSURANCE COMPANY** | AFFIDAVIT OF SERVICE OF **SUMMONS; COMPLAINT; PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT ERIC ABSHIRE; PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT TLXPRESS, LLC; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ERIC ABSHIRE; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TLXPRESS, LLC** |
| Defendant/Respondent | |

Received by **Leslie Pike**, on the **9th day of August, 2021 at 1:25 PM** to be served upon **Eric Abshire at 1217 Rime Village Drive, Hoover, Jefferson County, AL 35216.**
On the **12th day of August, 2021 at 12:47 PM**, I, **Leslie Pike, SERVED** Eric Abshire at **403 RIME VLG, VESTAVIA HILLS, Jefferson County, AL 35216** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **Eric Abshire.**

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
Who accepted service with direct delivery, with identity confirmed by subject saying yes when named, a brown-haired white male approx. 25-35 years of age, 5'8"-5'10" tall and weighing 180-200 lbs.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Leslie Pike_          _N/A_          _August 12, 2021_
Leslie Pike                  Server ID #                  Date

Notary Public:  Subscribed and sworn before me on this _____ day of _____ in the year of 20___
Personally known to me _____ or _____ identified by the following document:

Number/Reference:_____
Type:_____
Notary Public for State of:_____
Commission Expiration:_____

_____
Notary Public (Legal Signature)

REF: **REF-8551587**

Page 1 of 1
Tracking #: **0074610674**

**EXHIBIT A**

## THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **REBECCA ELDERS-CAMERON and ASHLEY CAMERON,** | **CIVIL ACTION FILE NO.** |
| **Plaintiffs,** | **21 A 03642** |
| **vs.** | |
| **ERIC ABSHIRE; TLXPRESS LLC and CANAL INSURANCE COMPANY,** | |
| **Defendants.** | |

### AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

I am the age of majority and laboring with no mental disabilities.  I give this affidavit based upon personal knowledge.  I have no personal or financial interest in the outcome of this case.  I Court appointed process server authorized to serve process in the above Court.

2.

I personally served upon Canal Insurance Company the following documents by serving Corporation Service Company, registered agent, via Alicia Smith, authorized to accept service on behalf of CSC at the address of 2 Sun Court, #400, Peachtree Corners, Georgia on August 10, 2021 at 2:00 p.m.

- Case Initiation form and Summons
- Complaint
- Plaintiff's First Interrogatories to Defendant Eric Abshire
- Plaintiff's First Request for Production of Documents to Defendant Eric Abshire
- Plaintiff's Request for Production of Documents to Defendant TLXPRESS, LLC
- Plaintiff's First Interrogatories to Defendant TLXPRESS, LLC

DATED this _12_ day of August, 2021.

_____
STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This _12_ day of _August_, 2021.

_____
Notary Public, State of Georgia
My Commission Expires: _2-24-23_

Notary Public, Georgia
COBB COUNTY
My Commission Expires
February 24, 2023